**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE DAIRY FARMERS OF AMERICA, INC., CHEESE ANTITRUST LITIGATION | No. 09 C 3690 |
| | MDL No.2031 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | Honorable William J. Hibbler |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' MOTIONS TO
CONSOLIDATE ACTIONS, FOR THE APPOINTMENT OF CLASS COUNSEL
AND FOR THE ENTRY OF CASE MANAGEMENT ORDER NO. 1**

Several putative class action complaints have been filed against Defendants Dairy Farmers of America, Inc. (DFA), Keller's Creamery, LP, Gerald Bos, Gary Hanman, Glenn Millar and Frank Otis (collectively, "Defendants"), all concerning DFA's purchases of cheese on the Chicago Mercantile Exchange in 2004. They assert similar legal claims alleging that Defendants violated Sections 1 and 2 of the Sherman Antitrust Act, state unfair trade practices statutes and common law as a result of those purchases. Each of the class action complaints was transferred to the docket of this Court pursuant to the Judicial Panel on Multidistrict Litigation's order. Defendants dispute Plaintiffs' claims and intend to file applicable motions in response to the complaints, including motions to dismiss based upon the implausibility standard set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

The first case management order in this MDL proceeding should govern all actions that have been transferred to this docket. Having one uniform case management order will make it easier for the Court to manage the litigation and for the parties to follow the order as there would not be competing orders with different procedures. None of the proposed case management orders submitted by Plaintiffs governs all actions in this litigation. Thus, Defendants are

submitting with this response brief their Proposed Case Management Order No. 1, which encompasses all cases that have been included in this action.

As in the competing proposed orders from different Plaintiffs, Defendants propose the creation of a direct purchaser track and an indirect purchaser track and that the cases included in each track be consolidated for pre-trial purposes. Defendants' proposed order also includes a provision that Plaintiffs in each track file either a single amended consolidated complaint or designate one of their existing complaints to serve as that track's operative consolidated complaint. Unlike the proposed orders from Plaintiffs, Defendants' Proposed Case Management Order No. 1 does not designate an interim lead plaintiffs' counsel or liaison counsel and does not define the duties or responsibilities of either. Defendants take no position on the structure of Plaintiffs' governing committees or the role any particular Plaintiffs' counsel should have in representing the putative direct purchaser and indirect purchaser classes.

Defendants' proposed case management order also includes proposals to defer all discovery and to defer briefing on the indirect purchaser Plaintiffs' complaint pending a decision on the anticipated motions to dismiss the direct purchaser Plaintiffs' consolidated amended complaint. Deferring discovery until resolution of Defendants' motions to dismiss is appropriate because Plaintiffs' complaints do not state a plausible claim for relief under the Sherman Act, state common law or unfair competition statutes. "When the allegations in a complaint, however true, [can]not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. at 558 (quoting 5 *C. Wright & Miller* § 1216, pp 233-34 (3d ed. 2004)). With that principle in mind, the Supreme Court reasoned that complaints under the Sherman Act, like the complaints here, should pass the plausibility bar before the defendants bear "the unusually high

cost of discovery in antitrust cases." *Twombly*, 550 U.S. at 558-59 (citations omitted). Indeed, the Court further stated, "only by taking care to require allegations that reach the level suggesting conspiracy . . . can we hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the [discovery] process will reveal relevant evidence to support a § 1 claim." *Id.* at 559.

Following *Twombly's* lead, the Seventh Circuit and courts in this District have deferred discovery in antitrust and other complex cases until resolution of motions to dismiss. *See, e.g., Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 802-04 (7th Cir. 2008) (affirming dismissal of RICO lawsuit and noting that "a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case"); *Beck v. Dobrowski*, 559 F.3d 680 (7th Cir. 2009) (affirming dismissal of Securities Exchange Act lawsuit and stating that "a defendant should not be burdened with the heavy costs of pretrial discovery that are likely to be incurred in a complex case unless the complaint indicates that the plaintiff's case is a substantial one"); *DSM Desotech, Inc. v. 3D Sys. Corp.*, No. 08 C 1531, 2008 U.S. Dist. LEXIS 87473, at *5-10 (N.D. Ill. Oct. 28, 2008) (Lefkow, J.) (granting a stay of discovery pending resolution of a motion to dismiss in an antitrust action); *Standard Iron Works v. Arcelormittal USA, Inc.*, No. 08 C 5214 (N.D. Ill. Nov. 21, 2008) (Zagel, J.), Hearing Tr. at 15:20-16:1 (attached hereto as Exhibit 1) (deferring discovery in an antitrust action pending decision on *Twombly* motions). *See also Asahi Glass Co. v. Pentech Pharms., Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation) (requiring that "some threshold of plausibility . . . be crossed at the outset before [an] antitrust case should be permitted to go into its inevitably costly and protracted discovery

phase"); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336-37 (N.D. Ill. 2005) (Cole, M.J.) (noting that postponement of discovery often occurs when a motion to dismiss has been filed).

Deferring discovery here would be appropriate for the same reasons recognized by the Supreme Court in *Twombly*, the Seventh Circuit and other courts in this District. In addition, the potential prejudice to the parties in deferring discovery is minimal, and deferring discovery until the Defendants' motions to dismiss are resolved will enable the Court to fashion discovery when it will have a clearer picture of the remaining issues. *See In re Graphics Processing Units Antitrust Litig.*, MDL No. 1826, 2007 U.S. Dist. LEXIS 57982, at *23-24 (N.D. Cal. July 24, 2007) (postponing discovery pending resolution of defendants' motion to dismiss antitrust complaint). Such an approach is also consistent with the principles and procedures recommended by the *Manual for Complex Litigation*, which advises that "[i]n planning and implementing case management, the court should keep in mind the goal of bringing about a just resolution **as speedily, inexpensively and fairly as possible**." *Manual for Complex Litigation* (Fourth) § 10.1 (emphasis added). Accordingly, deferring discovery until resolution of Defendants' motions to dismiss is appropriate.

Deferred briefing regarding the indirect purchaser Plaintiffs' complaint is also appropriate. The deferred briefing will promote judicial economy and reduce unnecessary expenses because a number of the potential grounds for dismissal regarding the direct purchasers' complaint apply with equal force to the indirect purchasers' claims. If the direct purchaser Plaintiffs' complaint is insufficient to survive the motions to dismiss, the indirect purchaser Plaintiffs' complaint similarly would be unlikely to survive. Deferred briefing will thus alleviate the Court's having to spend the time and resources to decide independent dismissal issues regarding the consolidated indirect purchasers' complaint until it has adjudicated the

threshold issues that are common to the direct and indirect purchaser complaints. In addition, none of the parties would be prejudiced by delaying briefing regarding the indirect purchaser Plaintiffs' consolidated complaint.

Other courts have deferred briefing of indirect purchasers' claims in antitrust actions involving both direct and indirect purchasers. *See, e.g., Standard Iron Works v. Arcelormittal USA, Inc.*, No. 08 C 5214 (N.D. Ill. Nov. 21, 2008) (Zagel, J.), Hearing Tr. at 20:20-21:6 (attached hereto as Exhibit 1). For these reasons, deferring briefing on the indirect Plaintiffs' consolidated complaint is also appropriate.

In sum, Defendants respectfully request that the Court enter Defendants' Proposed Case Management Order No. 1. Coordinated management of this litigation will be enhanced through the entry of a single case management order embracing all cases, and a resolution of Defendants' motions to dismiss the direct purchaser claims could dispose of the entire litigation and avoid the potentially enormous expense of discovery. *Twombly*, 550 U.S. at 559. As has been done in similar cases, the Court should temporarily defer discovery, as well as briefing on the indirect purchaser claims, pending resolution of Defendants' *Twombly* motions.

Dated: December 4, 2009

Respectfully submitted,

 */s/ Bryan M. Webster*
Joel G. Chefitz
Christopher M. Murphy
Bryan M. Webster
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago IL 60606-5096
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

*Attorneys for Defendants Dairy Farmers of America, Inc. and Keller's Creamery, LP*

William M. Hannay
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Telephone: (312) 258-5500

*Attorneys for Defendant Gerald Bos*

Scott E. Early
Ellen M. Wheeler
FOLEY & LARDNER
321 North Clark Street, Suite 2800
Chicago, IL 60610
Telephone: (312) 832-4500

*Attorneys for Defendant Gary Hanman*

Glenn R. Reichardt
K&L GATES LLP
1601 K Street, NW
Washington, DC 20006
Telephone: (202) 778-9065

Steven M. Kowal
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602
Telephone: (312) 807-4430

*Attorneys for Defendants Frank Otis
and Glenn Millar*

<u>**CERTIFICATE OF SERVICE**</u>

I, Bryan M. Webster, an attorney, hereby certify that on December 4, 2009, I caused to be electronically filed the attached Defendants' Joint Response to Plaintiffs' Motions to Consolidate Actions, for the Appointment of Class Counsel and for the Entry of Case Management Order No. 1 with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the attached service list.


   _/s/ Bryan M. Webster_____
                    Bryan M. Webster

## MDL NO. 2031 SERVICE LIST

Marvin A. Miller
Matthew E. Van Tine
**MILLER LAW LLC**
115 South La Salle St., Suite 2910
Chicago, IL 60603
Telephone (312) 332-3400

Mary Jane Fait
Theodore B. Bell
Michael D. Yanovsky
**WOLF, HALDENSTEIN, ADLER,
FREEMAN & HERZ LLC**
55 West Monroe Street, Suite 1111
Chicago, IL 60603
Telephone (312) 984-0000

Kenneth Wexler
Edward Wallace
Sharlene Hobson
**WEXLER WALLACE  LLP**
55 W. Monroe St., Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222

Anne Fornecker
**MILBERG LLP**
One Pennsylvania Plaza, 50th Floor
New York, NY 10119
Telephone: (212) 594-5300

Paul Novak
**MILBERG LLP**
719 Griswold Street, Suite 820
Detroit, MI 48226
Telephone: (313) 967-4090

Paul Rebein
**REBEIN LAW FIRM PLLC**
500 East Kennedy Blvd., Suite 100
Tampa, FL 33602
Telephone:  (813) 356-0567

Ilan Chorowsky
**PROGRESSIVE LAW GROUP, LLC**
222 W. Ontario, Suite 310
Chicago, IL 60610
Telephone (312) 787-2717

Matthew Wild
**LEVITT & KAIZER**
40 Fulton St., 23rd Floor
New York, NY 10038
Telephone (212) 480-4000

Paul M. Weiss
George K. Lang
Jeffrey A. Leon
Michael J. Lotus
**FREED & WEISS LLC**
111 W. Washington St., Suite 1331
Chicago, IL 60602
Telephone: (312) 220-0000

Scott Early
Ellen Wheeler
**FOLEY & LARDNER**
321 North Clark Street, Suite 2800
Chicago , IL 60610
Telephone: (312) 832-4500

Glenn Reichardt
**K&L Gates LLP**
70 West Madison, Suite 3100
Chicago, IL 60602
Telephone: (312) 372-1121

Steven Kowal
**K&L Gates LLP**
1601 K Street, NW
Washington, DC 20006
Telephone: (202) 778-9065

William M. Hannay
**SCHIFF HARDIN LLP**
6600 Sears Tower
Chicago , IL 60606
Telephone: (312) 258-5500