

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: DAIRY FARMERS OF AMERICA, INC. CHEESE ANTITRUST LITIGATION ) ) ) | |
| THIS DOCUMENT RELATES TO: ) | |
| *Adam Properties, Inc. v. Dairy Farmers of America, Inc.*, No. 08-cv-7232 (WJH) ) ) | No. 09-cv-03690 |
| *Stew Leonard's, Inc. v. Dairy Farmers of America, Inc.*, No. 08-cv-7394 (WJH) ) ) | MDL No. 2031 |
| *Valley Gold LLC v. Dairy Farmers of America, Inc.*, No. 09-cv-387 (WJH) ) ) | Judge William J. Hibbler |
| *Indriolo Distributors, Inc. v. Dairy Farmers of America, Inc.*, No. 09-cv-1599 (WJH) ) ) | |
| *Knutson's, Inc. v. Dairy Farmers of America, Inc.*, No. 09-cv-2074 (WJH) ) ) | |

## [PROPOSED] PRETRIAL ORDER NO. 1 REGARDING CONSOLIDATION AND MANAGEMENT OF LITIGATION

**WHEREAS,** Plaintiffs in the above-captioned actions (collectively, "Direct Purchaser Plaintiffs") have filed complaints (the "Complaints") alleging violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2 by defendants, and asserting common law claims;

**WHEREAS,** the Judicial Panel on Multidistrict Litigation assigned to this Court MDL No. 2031, In re Diary Farmers of America, Inc Cheese Antitrust Litigation, for coordinated or consolidated pretrial proceedings;

**WHEREAS,** a master docket has been created for In re: Dairy Farmers of America, Inc. Cheese Antitrust Litigation under Master Docket No. 1:09-cv-3690;

**WHEREAS,** consolidation of other like actions will avoid duplication and unnecessary costs, and will promote the efficient conduct of proceedings herein;

**NOW, THEREFORE, THE COURT ORDERS:**

I. **CONSOLIDATION**

1. Each of the above-listed actions, and all other actions that are subsequently filed in or transferred to this Court that assert or purport to assert claims on a class-wide basis arising from or relating to the operative facts and allegations contained in the Complaints, are hereby consolidated for pretrial purposes pursuant to Fed. R. Civ. P. 42(a).

II. **PROCEDURES FOR CAPTIONING, FILING AND DOCKETING**

2. All papers hereafter filed in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **In re: Dairy Farmers of America, Inc.** ) | |
| **Cheese Antitrust Litigation** ) | **Master File No. 09-cv-03690** |
| ) | **MDL No. 2031** |
| ) | |
| ) | **Judge William J. Hibbler** |
| ) | |
| ) | |
| **THIS DOCUMENT RELATES TO:** ) | |
| ) | |
| ) | |

3. When a pleading or other court paper filed in the Consolidated Action is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall

appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading or other court paper is intended to be applicable only to some, but not all, of such actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the last name of the first named plaintiff(s) in said action shall appear immediately after the words "This Document Relates To:" in the caption described above, i.e., "Civil Action No. _____, [Name of plaintiff(s)]."

4. When a pleading or paper is filed and the caption, pursuant to ¶ 2, shows that it applies to "All Actions," the Clerk shall file such pleading or paper in the Master File and note such filing in the Master Docket. No further copies need to be filed or other docket entries made.

5. When a pleading or paper is filed and the caption, pursuant to ¶ 2, shows that it applies to fewer than all of the Actions, the Clerk shall file such pleading or other paper only in the Master File but nonetheless shall note such filing in both the Master Docket and in the docket of each such action.

### III. SUBSEQUENTLY FILED RELATED ACTIONS

6. When a case which relates to the subject matter of the Consolidated Action is hereafter filed in this Court or transferred here from another court, the Clerk of Court shall:

    a. Make an appropriate entry in the Master Docket;

    b. Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to the attorneys for any new defendant(s) named in the newly-filed or transferred case; and

    c. Mail a copy of the Order of assignment to counsel for plaintiffs and

counsel for defendants in the Consolidated Action.

This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be coordinated or consolidated as a part of In re: Dairy Farmers of America, Inc. Cheese Antitrust Litigation.

7. This Order shall apply to each case subsequently filed in this Court or transferred to this Court that relates to the subject matter of the Consolidated Action unless a party objecting to the consolidation of such case or to any other provision of this Order shall, within twenty-one (21) days after the date upon which a copy of this Order is mailed to counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

### IV. PRELIMINARY SCHEDULE OF PROCEEDINGS

8. The Direct Purchaser Plaintiffs shall file their Consolidated Complaint on or before March 19, 2010. The Consolidated Complaint will be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein.

9. The defendants shall answer or otherwise plead to the Direct Purchasers' Consolidated Complaint on or before May 19, 2010.

10. The Direct Purchaser Plaintiffs shall file their response to any dispositive motion filed by the defendants in lieu of an answer on or before June 21, 2010.

11. The defendants shall file their reply in support of any dispositive motion on or before July 21, 2010.

12. Discovery in the Consolidated Action will not be stayed. Targeted discovery, including, but not limited to the previously produced material in the CFTC investigation shall be

allowed to proceed. Defendants shall produce the documents that the defendants previously produced to the CFTC by March 17, 2010. The Dairy Farmers of America, having received a document request from plaintiffs on February, 19, 2010, shall immediately begin to produce documents in response thereto. Any documents requiring a protective order prior to production shall be produced upon the execution of a mutually agreed protective order approved by this Court.

IV. **SCOPE OF ORDER**

13. The terms of this Order shall not have the effect of making any person, firm or entity a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver of any party of any claims or defenses to any action.

SO ORDERED this 4th day of MARCH 2010:

_____
Honorable William J. Hibbler
United States District Court Judge