# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: DAIRY FARMERS OF AMERICA, INC. CHEESE ANTITRUST LITIGATION ) ) ) | No. 09-cv-03690 MDL No. 2031 |
| ) | Judge William J. Hibbler |
| THIS DOCUMENT RELATES TO: ) ) ALL DIRECT PURCHASER ACTIONS ) ) | |

### MOTION OF KELLER'S CREAMERY LLC TO DISMISS PLAINTIFFS' CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT

Keller's Creamery LLC, by its attorneys, hereby moves to dismiss Plaintiffs' Corrected Consolidated Class Action Complaint (Complaint) pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Keller's Creamery LLC no longer exists and its successor company, Dairy Farmers of America, Inc. (DFA) already is a Defendant in this case. In support of its Motion, Keller's Creamery LLC further states as follows:

1. Keller's Creamery LLC was a limited liability company formed in 2000 under the laws of Delaware and owned and controlled by DFA.[1] On December 31, 2002, Keller's Creamery LLC was converted under the laws of Delaware to a limited partnership named Keller's Creamery LP, and the certificate and articles of conversion were filed with the Delaware Secretary of State. (See Exhibit A.) Keller's Creamery LP was also owned and controlled by DFA. On December 29, 2005, Keller's Creamery LP was merged with DFA, an entity incorporated under the laws of Kansas. (See Exhibit B.) A certificate of merger was filed with

---

[1] The specific ownership interest and control of the various Keller's Creamery entities by DFA will be the subject of defendants' upcoming motion for summary judgment.

the Delaware Secretary of State on December 30, 2005 and the Kansas Secretary of State on January 3, 2006. (See Exhibits C and D.) As a result, as of December 29, 2005, DFA is the only surviving entity of any of the Keller's Creamery constituent entities. Keller's Creamery is now simply a division of DFA.

2. On May 13, 2010, a process server left a copy of the summons and Plaintiffs' Corrected Consolidated Class Action Complaint with an employee of the Keller's Creamery division of DFA in Harleysville, Pennsylvania. (*See* Exhibit E.)

3. The Court must dismiss the case against a defendant where service of process is insufficient. Fed. R. Civ. P. 12(b)(5); *Chico v. Miller*, 2005 U.S. Dist. LEXIS 24033, at *6-7 (N.D. Ill. Oct. 19, 2005) ("When a defendant challenges sufficiency of service, the burden is on the plaintiff to affirmatively demonstrate otherwise. . . . The consequence of insufficient service . . . is dismissal.");[2] *Whitney v. IRS*, 1997 U.S. Dist. LEXIS 9948, at *3 (N.D. Ill. July 9, 1997) ("Rule 12(b)(5) authorizes a defendant to move to dismiss a complaint for insufficiency of service of process."). Service on Keller's Creamery LLC is improper because it is a non-existent entity. *See* K.S.A. § 17-7707 (2009) ("the separate existence of each constituent entity, except the surviving entity or the new entity, shall cease"). *See Johnson v. Lefteris Psaltakis*, 2006 U.S. Dist. LEXIS 58977, at *6 (N.D. Ill. Aug. 3, 2006) (granting motion to vacate judgment and holding that "[a] suit brought against a legally non-existent party is void *ab initio* and the summons served upon the non-existent party does not give the court jurisdiction.") (citation omitted).

---

[2] For the Court's convenience, copies of unpublished cases are attached as Exhibit F.

4. Even if Keller's Creamery LLC still existed, service was insufficient under Illinois and Pennsylvania law. "A corporation may be served in the manner prescribed by Fed. R. Civ. P. 4(e)(1)." *Am. Top. English, Inc. v. Golden Gate Capital, L.P.*, 2004 U.S. Dist. LEXIS 2965 at *17 (N.D. Ill. Feb. 25, 2004). Federal Rule of Civil Procedure 4(e)(1) provides that service is effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Here, the Court looks to the law in Illinois, where the case is pending, and Pennsylvania, where service was made. Under Illinois law, a plaintiff must serve a company by serving its registered agent or the Secretary of State. 805 ILCS 5/5.25 (2010). Neither was done here. Under Pennsylvania law, service is proper only when made upon an officer, partner, trustee, registered agent, or manager, clerk or person "for the time being in charge of any regular place of business or activity of the corporation or similar entity." 231 Pa. Code Part I, Ch 400, Rule 424 (2010). These requirements also were not met here. The process server did not obtain a signature, or ask whether the recipient was an officer or agent authorized to accept service on behalf of any company or a person "for the time being in charge." In fact, the recipient is not an officer or an agent authorized to accept service on behalf of the non-existent Keller's Creamery LLC or DFA, nor was he "in charge" of the business or activity of the non-existent Keller's Creamery LLC or DFA. The Complaint should be dismissed against Keller's Creamery LLC for insufficient service of process.

5. This Motion should be granted for the additional reason that Keller's Creamery LLC <u>did not even exist at the time of the conduct alleged in the Complaint</u> to be unlawful. Plaintiffs allege conduct by defendants beginning April 1, 2004. (*See, e.g.*, Complaint ¶ 1(b).)

Keller's Creamery LLC was converted to Keller's Creamery LP in December of 2002. (*See* Exhibit A.) Therefore, Keller's Creamery LLC could not have engaged in any of the alleged conduct at issue in the Complaint, and the claims against it must be dismissed pursuant to Rule 12(b)(6).

6. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(5) and (6), the Complaint should be dismissed, with prejudice, as to Keller's Creamery LLC.

7. In the alternative, even if this lawsuit were permitted to proceed against a presently nonexistent entity that also did not exist at the time of the allegedly unlawful conduct, for the reasons included in defendants DFA's, Keller's Creamery LP's, Frank Otis's and Glenn Millar's motions to dismiss (D.E. 100, 101), the Complaint should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: June 3, 2010

Respectfully submitted,

By: /s/ Jennifer S. Diver

Joel G. Chefitz
Amanda J. Metts
Jennifer A. Smulin Diver
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096

*Attorneys for Keller's Creamery LLC*

DM_US 25573781-1.046466.0083