# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: DAIRY FARMERS OF AMERICA, INC. CHEESE ANTITRUST LITIGATION ) ) ) | No. 09-cv-03690 MDL No. 2031 |
| ) THIS DOCUMENT RELATES TO: ) ) ALL DIRECT PURCHASER ACTIONS ) ) | Judge William J. Hibbler |

## MOTION OF KELLER'S CREAMERY MANAGEMENT LLC AND KELLER'S CREAMERY LP TO DISMISS PLAINTIFFS' CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT

Keller's Creamery Management LLC and Keller's Creamery LP (Defendants), by their attorneys, hereby move to dismiss Plaintiffs' Corrected Consolidated Class Action Complaint (Complaint) pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). Defendants no longer exist as legal entities and their successor company, Dairy Farmers of America, Inc. (DFA) already is a defendant in this case. In support of their Motion, Defendants further state as follows:

1. Keller's Creamery Management LLC was a limited liability company formed on January 1, 2003 under the laws of Delaware to be the general partner of Keller's Creamery LP, which was formed on the same date. Defendants were owned and controlled by DFA.[1] On December 29, 2005, Defendants were merged with DFA, an entity incorporated under the laws

---

[1] The specific ownership interest and control of the various Keller's Creamery entities by DFA will be the subject of defendants' upcoming motion for summary judgment.

of Kansas. (*See* Exhibit A.)[2] Certificates of merger were filed with the Delaware Secretary of State on December 30, 2005 and the Kansas Secretary of State on January 3, 2006. (*See* Exhibits B and C.) As a result, as of December 29, 2005, DFA is the only surviving entity of any of the Keller's Creamery constituent entities. *See* K.S.A. § 17-7707 (2009) ("the separate existence of each constituent entity, except the surviving entity or the new entity, shall cease"). Keller's Creamery is now simply a division of DFA.[3]

2. On May 18, 2010, a process server left a copy of the summons and Plaintiffs' Corrected Consolidated Class Action Complaint with CT Corporation, which was the registered agent of Keller's Creamery Management LLC when it was in existence. (*See* Exhibit D.)

3. The Court does not have personal jurisdiction over non-existent entities. *See Johnson v. Lefteris Psaltakis*, No. 03-9427, 2006 U.S. Dist. LEXIS 58977, at *6 (N.D. Ill. Aug. 3, 2006) (granting motion to vacate judgment and holding that "[a] suit brought against a legally non-existent party is void *ab initio* and the summons served upon the non-existent party does not give the court jurisdiction.") (citation omitted); *Broadway v. Adidas Am., Inc.*, No. 07-000149, 2008 U.S. Dist. LEXIS 54830, at *17 (E.D. Ark. July 10, 2008) (dismissing all claims against non-existent entity); *IMC Exploration Co. v. Texaco Inc.*, No. 04-1004, 2005 U.S. Dist. LEXIS 997, at *11 (E.D. La. Jan. 21, 2005) (granting motion to dismiss complaint against non-existent entity for lack of personal jurisdiction); *Sevits v. McKiernan-Terry Corp.*, 264 F. Supp. 810, 811-12 (S.D.N.Y. 1966) (dismissing complaint pursuant to Rules 12(b)(2), (4), (5), and (6), and stating that "it is settled that the separate corporate existence of a constituent corporation ceases

---

[2] The Court may consider publicly available documents on a motion to dismiss pursuant to 12(b)(6) without converting the motion to a motion for summary judgment. *Cady v. Cook County*, No. 02-8333, 2003 U.S. Dist. LEXIS 9704, at *15 n.3 (N.D. Ill. June 10, 2003).

[3] *See also* D.E. 106, Keller's Creamery LLC's Motion to Dismiss, filed June 3, 2010.

upon merger and the emerging corporation is the only corporation with capacity to be sued and process cannot be served on the constituent corporation.")[4] (*citing United States v. Borden Co.*, 28 F. Supp. 177, 182-183 (D. Ill. 1939)). The Complaint should be dismissed against Keller's Management LLC for lack of personal jurisdiction.

4.  In addition, the Court must dismiss the case against a defendant where process or service of process is insufficient. Fed. R. Civ. P. 12(b)(4), 12(b)(5); *Chico v. Miller*, No. 05-3101, 2005 U.S. Dist. LEXIS 24033, at *6-7 (N.D. Ill. Oct. 19, 2005) ("When a defendant challenges sufficiency of service, the burden is on the plaintiff to affirmatively demonstrate otherwise. . . . The consequence of insufficient service . . . is dismissal.");[5] *Whitney v. IRS*, No. 96-8101, 1997 U.S. Dist. LEXIS 9948, at *3 (N.D. Ill. July 9, 1997) ("Rule 12(b)(5) authorizes a defendant to move to dismiss a complaint for insufficiency of service of process."). Service on Keller's Creamery Management LLC is improper because it is a non-existent entity. *See* K.S.A. § 17-7707 (2009). *See also Broadway*, 2008 U.S. Dist. LEXIS 54830, at *17; *Int'l Fire & Safety, Inc. v. HC Servs.*, No. 06-63KS-MTP, 2006 U.S. Dist. LEXIS 58629, at *1-3 (S.D. Miss. Aug. 18, 2006) (dismissing complaint as to non-existent entity under Rules 12(b)(4) and 12(b)(5)); *Sevits*, 264 F. Supp. at 811-12 (same). The Complaint should be dismissed as against Keller's Creamery Management LLC for insufficient process and service of process.

5.  The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because non-existent entities cannot be sued. *See Hussein v. Miller*, 232 F. Supp. 2d 653, 656 (E.D. Va. 2002) (same). *See also Allegany Envtl. Action v. Westinghouse Elec. Corp.*, No. 96-2178, 1998

---

[4] The court in *Sevits* analyzed Delaware law; however, the state's law under which DFA is incorporated (Kansas), is identical to Delaware law on the issue of when a constituent entity ceases to exist. *See* K.S.A. § 17-7707 (2009).

[5] For the Court's convenience, copies of unpublished cases are attached as Exhibit E.

U.S. Dist. LEXIS 1883, at *4 (W.D. Pa. Jan. 14, 1998) (same); *Sevits*, 264 F. Supp. at 811-12 (same). The Complaint should be dismissed for failure to state a claim as against Defendants because they are non-existent entities.

6. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6), the Complaint should be dismissed, with prejudice, as to Defendants.

7. In the alternative, even if this lawsuit were permitted to proceed against nonexistent entities, for the reasons included in defendants DFA's, Keller's Creamery LP's, Frank Otis's and Glenn Millar's motions to dismiss (D.E. 100, 101), the Complaint should be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: June 9, 2010

Respectfully submitted,

By: /s/ Jennifer S. Diver

Joel G. Chefitz
Amanda J. Metts
Jennifer A. Smulin Diver
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, IL 60606-5096

*Attorneys for Keller's Creamery Management LLC and Keller's Creamery LP*

DM_US 25600514-3.046466.0083