# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE:  DAIRY FARMERS OF AMERICA, INC. CHEESE ANTITRUST LITIGATION | )<br>)<br>) |
| | ) |
| THIS DOCUMENT RELATES TO: | )<br>) |
| DIRECT PURCHASER ACTION | ) |

Master File No. 09-cv-03690
MDL No.  2031
Judge Robert M. Dow Jr.
Magistrate Judge Maria Valdez

## AMENDMENT TO STIPULATION AND AGREEMENT OF SETTLEMENT BETWEEN DIRECT PURCHASER PLAINTIFFS AND SETTLING DEFENDANTS

WHEREAS, on February 5, 2010, the Court appointed Lovell Stewart Halebian Jacobson LLP ("Lovell Stewart") and Wolf Haldenstein Adler Freeman & Herz LLC ("Wolf") as co-lead counsel for the direct purchasers [Docket No. 61; *see also* Docket No. 63];

WHEREAS, on or about December 24, 2012, the Direct Purchaser Plaintiffs[1] and the Settling Defendants entered into a Stipulation and Agreement of Settlement ("Settlement" or "Settlement Agreement") pursuant to Rule 23 of the Federal Rules of Civil Procedure [Docket Nos. 327-1];

WHEREAS, on March 28, 2013, the Direct Purchaser Plaintiffs filed a motion seeking preliminary approval of the proposed Settlement [Docket No. 335];

WHEREAS, such preliminary approval motion sought the appointment of Lovell Stewart and Wolf as co-lead counsel for the proposed Class;

WHEREAS, on November 15, 2013, this Court entered an order that modified the prior appointment of Lovell Stewart and Wolf as co-lead counsel [Docket Nos. 61 and 63] and appointed Lovell Stewart as sole lead counsel for the direct purchasers [Docket No. 413];

---

[1] Except as modified herein, capitalized terms in this Amendment that are defined in the Settlement Agreement have the same meaning as in the Settlement Agreement.

NOW THEREFORE, pursuant to Section 21 of the Settlement, it is agreed by the Direct Purchaser Plaintiffs and Settling Defendants that the Settlement Agreement (including the Exhibits to the Settlement Agreement) shall be amended as follows in order to recognize the recent appointment of Lovell Stewart as sole lead counsel.

1.      This amendment (the "Amendment") is entered into by the Direct Purchaser Plaintiffs and the Class, by and through Lead Counsel, and the Settling Defendants, by and through their respective counsel of record in the Action.

2.      The Settlement Agreement previously entered into on or about December 24, 2012 is hereby amended as follows:

a.      Section 1 of the Settlement Agreement is amended to include the defined term "Lead Counsel."  Lead Counsel shall be defined as Lovell Stewart Halebian Jacobson LLP, Court-appointed sole lead counsel.

b.      Section 1(h) of the Settlement Agreement is amended so as to delete, strike and otherwise remove the defined term "Co-Lead Counsel."  Separate and apart from Section 1(h), each and every other use of the term "Co-Lead Counsel" in the Settlement Agreement, including the Exhibits to Settlement Agreement, is removed and replaced with the above defined term "Lead Counsel."

c.      Section 27 of the Settlement is amended such that notices to the Direct Purchaser Plaintiffs shall be sent to only Christopher Lovell, Lovell Stewart Halebian Jacobson, LLP 61 Broadway, Suite 501, New York, New York, 10006 (clovell@lshllp.com).

d.      Paragraph three (3) of the Scheduling Order (Exhibit H to the Settlement) is amended to appoint only Lovell Stewart Halebian Jacobson LLP as class counsel.  The amended Scheduling Order is attached as Exhibit 1 hereto.

2

      e.      The long form class notice (Exhibit A to the Settlement) is amended in order to take account of the Court's recent appointment of Lovell Stewart as sole lead counsel. The amended long form class notice is attached as Exhibit 2 hereto.

      3.      Except as set forth in this Amendment, the Settlement Agreement is unaffected and shall continue in full force and effect in accordance with its terms.

Dated: November __, 2013

By: _____
Christopher Lovell
Christopher M. McGrath
**LOVELL STEWART HALEBIAN &**
**JACOBSON LLP**
61 Broadway, Suite 501
New York, New York 10006
Telephone:    (212) 608-1900
Facsimile:    (212) 719-4775

*Interim Class Counsel for Direct Purchaser Plaintiffs*


By: _____
Amanda Metts
**MCDERMOTT WILL & EMERY LLP**
227 West Monroe Street, Suite 4400
Chicago, Illinois 60606-5096
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700

*Counsel for Dairy Farmers of America, Inc.,*
*Keller's Creamery, LP, Keller's Creamery, L.L.C.,*
*And Keller Creamery Management, LLC*

By: _____
William M. Hannay
**SCHIFF HARDIN LLP**
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606
Telephone:    (312) 258-5500

e.      The long form class notice (Exhibit A to the Settlement) is amended in order to take account of the Court's recent appointment of Lovell Stewart as sole lead counsel. The amended long form class notice is attached as Exhibit 2 hereto.

3.      Except as set forth in this Amendment, the Settlement Agreement is unaffected and shall continue in full force and effect in accordance with its terms.

Dated: November ⬚, 2013


By: _____
Christopher Lovell
Christopher M. McGrath
**LOVELL STEWART HALEBIAN &**
**JACOBSON LLP**
61 Broadway, Suite 501
New York, New York 10006
Telephone:     (212) 608-1900
Facsimile:     (212) 719-4775

*Interim Class Counsel for Direct Purchaser Plaintiffs*

By: _____
Amanda Metts
**MCDERMOTT WILL & EMERY LLP**
227 West Monroe Street, Suite 4400
Chicago, Illinois 60606-5096
Telephone:     (312) 372-2000
Facsimile:     (312) 984-7700

*Counsel for Dairy Farmers of America, Inc.,*
*Keller's Creamery, LP, Keller's Creamery, L.L.C.,*
*And Keller Creamery Management, LLC*

By: _____
William M. Hannay
**SCHIFF HARDIN LLP**
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606
Telephone:     (312) 258-5500

e.     The long form class notice (Exhibit A to the Settlement) is amended in order to take account of the Court's recent appointment of Lovell Stewart as sole lead counsel. The amended long form class notice is attached as Exhibit 2 hereto.

3.     Except as set forth in this Amendment, the Settlement Agreement is unaffected and shall continue in full force and effect in accordance with its terms.

Dated: November ___, 2013

By: _____
Christopher Lovell
Christopher M. McGrath
**LOVELL STEWART HALEBIAN &**
**JACOBSON LLP**
61 Broadway, Suite 501
New York, New York 10006
Telephone:     (212) 608-1900
Facsimile:      (212) 719-4775

*Interim Class Counsel for Direct Purchaser Plaintiffs*

By: _____
Amanda Metts
**MCDERMOTT WILL & EMERY LLP**
227 West Monroe Street, Suite 4400
Chicago, Illinois 60606-5096
Telephone:     (312) 372-2000
Facsimile:      (312) 984-7700

*Counsel for Dairy Farmers of America, Inc.,*
*Keller's Creamery, LP, Keller's Creamery, L.L.C.,*
*And Keller Creamery Management, LLC*

By: _____
William M. Hannay
**SCHIFF HARDIN LLP**
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606
Telephone:     (312) 258-5500

3

*Counsel for Defendant Gerald Bos*

By: _____

Ellen M. Wheeler
**FOLEY & LARDNER**
321 North Clark Street, Suite 2800
Chicago, Illinois 60654
Telephone:     (312)832-4500

*Counsel for Defendant Gary Hanman*

By: _____

Glenn R. Reichardt
**K&L GATES LLP**
1601 K Street, NW
Washington, D.C. 20006
Telephone:  (202)778-9065

*Counsel for Defendants Frank Otis and Glenn Millar*

4

*Counsel for Defendant Gerald Bos*

By: _____
Ellen M. Wheeler
**FOLEY & LARDNER**
321 North Clark Street, Suite 2800
Chicago, Illinois 60654
Telephone:    (312)832-4500

*Counsel for Defendant Gary Hanman*

By: _____
Glenn R. Reichardt          11-26-13
**K&L GATES LLP**
1601 K Street, NW
Washington, D.C. 20006
Telephone:  (202)778-9065

*Counsel for Defendants Frank Otis and Glenn Millar*

4

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  DAIRY FARMERS OF AMERICA, | ) | |
| INC. CHEESE ANTITRUST LITIGATION | ) | Master File No. 09-cv-03690 |
| | ) | MDL No.  2031 |
| THIS DOCUMENT RELATES TO: | ) | The Honorable Robert M. Dow Jr. |
| | ) | |
| DIRECT PURCHASER ACTION | ) | |

## ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND APPROVING THE PROPOSED FORM AND PROGRAM OF NOTICE TO THE CLASS

The Direct Purchaser Plaintiffs, having applied for an order preliminarily

approving the proposed Stipulation and Agreement of Settlement dated December

24, 2012 and fully executed by January 14, 2013 ("Settlement Agreement" or

"Settlement") with the Settling Defendants upon the terms and conditions set forth

in the Settlement Agreement, and the Court having read and considered the

Settlement Agreement and accompanying documents; and all Parties to the

Settlement Agreement having consented to the entry of this Scheduling Order

("Order"),

NOW, THEREFORE, this __ day of _____, 2013, upon application of

the Parties to the Settlement Agreement,

**IT IS HEREBY ORDERED** that:

1

1.     Except for the terms defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2.     Pursuant to Federal Rule of Civil Procedure 23, the Court hereby finds that the requirements for a class action have been met and preliminarily certifies the following Class for settlement purposes only:

> All persons who between April 1, 2004 through December 31, 2006:  (1) purchased a CME Class III milk futures contract; (2) purchased a CME Cheese Spot Call contract for either blocks or barrels; (3) purchased cheese directly from Dairy Farmers of America, Inc. ("DFA") or Schreiber Foods, Inc. ("Schreiber") or made a first purchase of cheese from a first manufacturer of cheese (*i.e.* a manufacturer that transforms milk into cheese) pursuant to a contract the price term of which specified that the price was based, in whole or in part, on the CME Cheese Spot Call price (block or barrel price, average price, specific price, price formula, collar price or any variation that explicitly referenced the CME Cheese Spot Call price); or (4) purchased milk directly from DFA or made a first purchase of milk from a first producer of milk (*e.g.,* a dairy farmer) that was made pursuant to a contract the price term of which specified that the price was based, in whole or in part, on (i) the CME Cheese Spot Call price (block or barrel price, average price, specific price, price formula, collar price or any variation that explicitly referenced the CME Cheese Spot Call price); (ii) the CME Class III milk futures price; (iii) the National Agricultural Statistics Service ("NASS") cheese price; or (iv) a government milk formula price which included (i), (ii) or (iii) as a component of such government milk formula price.  Excluded from the Class are the Settling Defendants, the Non-Settling Defendants, and any parent, subsidiary, affiliate, or agent of any Settling Defendant or Non-Settling Defendant.

3.    The Court hereby appoints Lovell Stewart Halebian Jacobson LLP as

class counsel, having determined that the requirements of Rule 23(g) of the Federal

Rules of Civil Procedure are fully satisfied by this appointment.

4.    Plaintiffs Indriolo Distributors, Inc., Knutson's, Inc., and Valley Gold,

LLC are hereby appointed as representatives of the Class.

5.    A hearing will be held on _____, 2013 at _____ [a.m./p.m.]

[approximately 115 days after entry of this Order] in Courtroom 1919 of this

Courthouse before the undersigned, to consider the fairness, reasonableness, and

adequacy of the Settlement Agreement (the "Settlement Hearing"). The foregoing

date, time, and place of the Settlement Hearing shall be set forth in the mail notice

and publication notice which is ordered herein, but shall be subject to adjournment

or change by the Court without further notice to the Members of the Class other

than that which may be posted at the Court, on the Court's website and/or the

official settlement website.

6.    The Court reserves the right to approve the Settlement at or after the

Settlement Hearing with such modifications as may be expressly consented to by

all Parties to the Settlement Agreement and without further notice to the Class.

7.    Within seven days after the date of the entry of this Order, Lead

Counsel shall cause copies of the long form notice, substantially in the form

attached as Exhibit A to the Settlement Agreement, to begin to be mailed by

United States first class mail, postage prepaid, to each of the following potential Class Members: (a) to all the "large traders" in the Chicago Mercantile Exchange ("CME") Class III milk futures contract during the Class Period whose names were obtained by the Direct Purchaser Plaintiffs pursuant to subpoena to the CME; (b) to all the firms who were clearing brokers on the CME during the Class Period whose names and addresses were obtained by the Direct Purchaser Plaintiffs pursuant to subpoena to the CME (such clearing firms shall forward copies of the long form notice to their customers who transacted in CME Class III milk futures contracts or CME Cheese Spot Call contracts during the Class Period or such clearing firms shall provide the names and addresses of such customers to the Direct Purchaser Plaintiffs and/or the Settlement Administrator); (c) to the customers of defendants Dairy Farmers of America, Inc. ("DFA") and Schreiber Foods, Inc. ("Schreiber") during the Class Period whose names and addresses were obtained by the Direct Purchaser Plaintiffs from DFA and Schreiber; (d) to the 100 largest dairy companies in the United States; and (e) any additional reasonably identifiable members of the Class. The foregoing mailings shall be completed by the later of twenty (20) days after the Scheduling Order is entered or seven (7) days after time by which any names and addresses are supplied to the Settlement Administrator pursuant to any subsequent order of the Court requiring such names and addresses be provided to the Settlement Administrator.

8.     As soon as practicable after the mailing of the notice commences, Lead Counsel shall cause to be published a publication notice substantially in the form of Exhibit B to the Settlement Agreement in the following four publications and/or such publications' websites:  (a) Cheese Market News; (b) Dairy Foods; (c) The Cheese Reporter; and (d) Hoard's Dairyman.

9.     Lead Counsel shall also cause the long form notice to be published on a website established for purposes of this Settlement, www.DairyFarmersDirectPurchaserAction.com, within 10 days after the entry of this Order.  Both the long form notice and the publication notice will direct Members of the Class to the website where they can access the Settlement Agreement, this Order, the motion for preliminary approval, answers to anticipated questions about class action settlements, the Proof of Claim, the Request for Exclusion, and other information.

10.     The Court approves, in form and substance, the Class Notice.  The form and method of notice specified herein is the best notice practicable under the circumstances and shall constitute due and sufficient notice of the Settlement and the Settlement Hearing to all persons entitled to receive such notice, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and applicable law.

11.     The terms of the Settlement Agreement are hereby preliminarily

approved.  The Court finds that the Settlement Agreement was entered into at

arm's-length by experienced counsel and is, in all respects, fair, reasonable and

adequate, and in the best interests of the Class, including the Direct Purchaser

Plaintiffs, such that notice of the Settlement Agreement should be given as

provided in this Order.  The terms of the Plan of Allocation are preliminarily

approved as within the range of reasonableness.

12.     Class Counsel shall file their motions for payment of attorneys' fees

and reimbursement of expenses and for final approval of the Settlement at least 30

days prior to the Settlement Hearing.

13.     Any Member of the Class who objects to any aspect of the Settlement

or the Final Order and Judgment, or who otherwise wishes to be heard, and who

has not requested exclusion from the Settlement, may appear in person or by his or

her attorney at the Settlement Hearing and present evidence or argument that may

be proper and relevant; provided, however, that, except for good cause shown, no

person other than Lead Counsel and counsel for the Settling Defendants shall be

heard and no papers, briefs, pleadings, or other documents submitted by any

Member of the Class shall be considered by the Court unless, not later than 23 days

prior to the Settlement Hearing directed herein the objecting Member of the Class

files the following with the Court and serves the same on or before such filing by

hand or overnight mail on Lead Counsel and all counsel of record for the Settling Defendants:

(i) if a Member of the Class intends to appear and be heard at the Settlement Hearing, a written notice of intention to appear;

(ii) proof of membership in the Class;

(iii) a detailed statement of the objections to any matters before the Court;

(iv) a statement advising of any court proceeding in which said objector has made an objection to a proposed class action settlement within the past three years, including case name, docket number, and court;

(v) if a Member of the Class intends to appear and be heard at the Settlement Hearing, the grounds or reasons why the Member of the Class desires to appear and be heard; and

(vi) all documents or writings the Member of the Class desires the Court to consider.

14.    Any Member of the Class who fails to object in the manner described in Section 13 of this Order shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this Action or any other action or proceeding.  Discovery concerning any purported objections to the Settlement shall be completed no later than three days before the Settlement Hearing.

15.   Any request for exclusion from the Settlement by a Member of the Class must be made in writing, include all information requested in the "Request For Exclusion" attached hereto as Exhibit A, and be received by the Settlement Administrator no later than forty days before the Settlement Hearing.  Requests for exclusion that do not include all of the requested information will be held invalid.

16.   At least seven days prior to the Settlement Hearing, Lead Counsel shall cause to be served and filed a sworn statement attesting to compliance with the notice provisions in Sections 7-9 of this Order.

17.   All Proofs of Claim shall be submitted by Class Members as directed in the long form class notice no later than 60 days after the Settlement Hearing.

18.   To effectuate the Settlement Agreement and the notice provisions, the Court hereby approves Rust Consulting, Inc. (the "Settlement Administrator") to be responsible for:  (a) establishing a P.O. Box, information telephone line and website (to be included in the long form notice and publication notice) for the purpose of communicating with Members of the Class; (b) disseminating notice to the Members of the Class; (c) accepting and maintaining documents sent from Class Members including Proofs of Claim, and other documents relating to claims administration; (d) administering claims for allocation of funds among Members of the Class; and (e) acting as Escrow Agent for the Settlement Fund.

19.    The Settlement Agreement and any negotiations, statements, discovery or proceedings in connection therewith, shall not be construed or deemed evidence of, a presumption of, concession of, or admission by, any of the Released Parties or any other person of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Action or otherwise, or that the Direct Purchaser Plaintiffs, the Class, or any other Person, have suffered any damage attributable in any manner to any of the Released Parties.  The Settlement Agreement and any negotiations, statements, discovery or proceedings in connection therewith, shall not be construed or deemed evidence of, a presumption of, concession of, or admission or lack of merit of any of the claims in this Action.  The existence of the Settlement Agreement, its contents, and any negotiations, statements, discovery or proceedings in connection therewith, shall not be offered or admitted into evidence or referred to, interpreted, construed, invoked, or otherwise used by any person for any purpose in the Action or otherwise, except as may be necessary to enforce or obtain Court approval of the Settlement.  Notwithstanding the foregoing, all materials provided by Settling Defendants or any Released Party during the discovery process in the Action, either before or after the date of this Settlement Agreement, may be used by the Direct Purchaser Plaintiffs in their claims in this Action.

20.    If the Settlement is approved by the Court following the Settlement Hearing, a Final Order and Judgment will be entered as described in the Settlement Agreement.

21.    If the Settlement, including any amendment made in accordance with the Settlement Agreement, is not approved by the Court or the Effective Date does not occur for any reason, the Settlement (including any modification thereof made with the express consent of all Parties as provided for in the Settlement Agreement), and preliminary certifications herein and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect.  In that event, neither the Settlement Agreement, nor any provision contained in the Settlement Agreement, nor any action undertaken pursuant thereto, nor the negotiation thereof  or discovery provided solely in connection with the negotiations by any party, shall be deemed an admission or concession, or received as evidence in this or any other action or proceeding.

22.    The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Members of the Class.

23.    In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except as expressly provided to the

10

contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of the Parties.

24.  If the Settlement Agreement is terminated, not approved by the Court, or the Effective Date does not occur for any reason, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

25.  Pending final determination of whether the Settlement should be finally approved, all Direct Purchaser Plaintiffs and putative Class Members and anyone who acts or purports to act on their behalf are hereby barred and enjoined from instituting, commencing or prosecuting any action asserting any Released Claims against the Released Parties, and any other action or proceedings brought by any putative Class Members asserting any Released Claims against the Released Parties are hereby stayed and suspended until further order of the Court. Provided, however, that this provision shall not apply to claims asserted in *Pizza Hut, Inc., et al. v. Dairy Farmers of America, Inc., et al.*, Case No. 1016-CV-27996 (Circuit Court of Jackson County, Missouri at Independence) or *Unified Foodservice Purchasing Co-op, LLC v. Dairy Farmers of America, Inc.*, Case No. 52-459-334-11 (American Arbitration Association).

26.  If any deadline imposed herein falls on a non-business day, then the deadline is extended until the next business day.

11

**IT IS SO ORDERED.**

Signed this ___ day of _____, 20__, at the Courthouse for the United

States District Court for the Northern District of Illinois.

_____
Hon. Robert Michael Dow, Jr.
United States District Court Judge

# Exhibit 2

IMPORTANT LEGAL NOTICE TO ALL MEMBERS OF THE CLASS
FORWARD TO CORPORATE HEADQUARTERS/LEGAL COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: DAIRY FARMERS OF AMERICA, INC. CHEESE ANTITRUST LITIGATION ) ) ) | Master File No. 09-cv-03690 MDL No. 2031 |
| THIS DOCUMENT RELATES TO: ) ) | The Honorable Robert M. Dow Jr. |
| DIRECT PURCHASER ACTION ) | |

**NOTICE OF PARTIAL SETTLEMENT OF ACTION, ___ 2013 HEARING THEREON, AND CLASS MEMBERS' RIGHTS**

**TO:** **All Persons Who Between April 1, 2004 Through December 31, 2006: (1) Purchased A CME Class III Milk Futures Contract; (2) Purchased A CME Cheese Spot Call Contract For Either Blocks Or Barrels; (3) Purchased Cheese Directly From DFA Or Schreiber Foods, Inc. ("Schreiber") Or Made A First Purchase Of Cheese From A First Manufacturer Of Cheese (*i.e.* A Manufacturer That Transforms Milk Into Cheese) Pursuant To A Contract The Price Term Of Which Specified That The Price Was Based, In Whole Or In Part, On The CME Cheese Spot Call Price (Block Or Barrel Price, Average Price, Specific Price, Price Formula, Collar Price Or Any Variation That Explicitly Referenced The CME Cheese Spot Call Price); Or (4) Purchased Milk Directly From DFA Or Made A First Purchase Of Milk From A First Producer Of Milk (*e.g.,* A Dairy Farmer) That Was Made Pursuant To A Contract The Price Term Of Which Specified That The Price Was Based, In Whole Or In Part, On (i) The CME Cheese Spot Call Price (Block Or Barrel Price, Average Price, Specific Price, Price Formula, Collar Price Or Any Variation That Explicitly Referenced The CME Cheese Spot Call Price); (ii) The CME Class III Milk Futures Price; (iii) The National Agricultural Statistics Service ("NASS") Cheese Price; Or (iv) A Government Milk Formula Price Which Included (i), (ii) Or (iii) As A Component Of Such Government Milk Formula Price. Excluded From The Class Are The Settling Defendants, The Non-Settling Defendants, And Any Parent, Subsidiary, Affiliate, Or Agent Of Any Settling Defendant Or Non-Settling Defendant.**

*PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE ABOVE CAPTIONED CLASS ACTION LAWSUIT PENDING IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS. THIS NOTICE ADVISES YOU OF YOUR OPTIONS REGARDING THE CLASS ACTION SETTLEMENT, INCLUDING WHAT YOU MUST DO IF YOU WISH TO SHARE IN THE NET SETTLEMENT FUND.*

1

*If you are a brokerage firm or trustee through whom Chicago Mercantile Exchange ("CME") Class III milk futures contracts or CME Cheese Spot Call contracts were transacted between April 1, 2004 through December 31, 2006, for customers that are members of the above Class, you should provide the names and last known addresses for such customers to the Settlement Administrator at the address listed below within two weeks of receiving this Notice. The Settlement Administrator will cause copies of this Notice to be forwarded to each customer identified at the address so designated.*

This Notice of the proposed Settlement is being given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois (the "Court").

The purpose of this Notice is to inform you of your rights in connection with a proposed Settlement[1] of the above captioned class action ("Action") with defendants Dairy Farmers of America, Inc. ("DFA"), including former entities Keller's Creamery LP, Keller's Creamery, L.L.C., and Keller's Creamery Management, LLC, Gary Hanman, Gerald Bos, Frank Otis, and Glenn Millar (collectively "Settling Defendants"). Defendant Schreiber Foods, Inc. ("Schreiber") is **not** part of the Settlement. The Settlement does not relate to or purport to release any claims associated with the Indirect Purchaser Action (except any Direct Purchaser Claims).

In order to resolve the claims against them, the Settling Defendants have agreed to wire transfer (a) $23,000,000 into the Escrow Account within ten (10) days after entry of the Scheduling Order ("First Payment") and (b) $23,000,000 into the Escrow Account at least three (3) business days before the ___, 2013 Settlement Hearing described below ("Second Payment"). The foregoing payments, plus all interest earned thereon, constitute the Settlement Fund. The Settling Defendants have agreed to further consideration of certain remedial undertakings in order to resolve the claims against them. See II.A.2 below.

**Right To Submit A Proof Of Claim**. Members of the Class may be entitled to share in the Net Settlement Fund if they submit a valid and timely Proof of Claim prior to ___. See III.A. below. The Proof of Claim is attached. However, if you are a Member of the Class but do not file a Proof of Claim, you will still be bound by the releases set forth in the Settlement Agreement if the Court enters an order approving the Settlement Agreement. See II.E. below.

**Settlement Hearing and Right to Object**. The Court has scheduled a public fairness hearing for _____, 2013 ("Settlement Hearing"). The purpose of the Settlement Hearing is to determine, among other things, whether the proposed Settlement, the Plan of Allocation and the application by Lead Counsel for Class Counsel attorneys' fees and reimbursement of Class Counsel's expenses are fair, reasonable, and adequate. If you do not request exclusion from the Class, then you may object to any aspect of the Settlement, the Plan of Allocation, Class

---

[1] Unless otherwise stated, capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement dated December 24, 2012 and fully executed by January 14, 2013.

Counsel's request for attorneys' fees and expenses or any other matters. *See* III.B. below. All objections must be made in accordance with the instructions set forth below and must be filed with the Court and served on counsel for the Parties by _____, 2013 or they will not be considered. *See* III.B below.

**Right to Exclude Yourself From The Settlement**. The Court will exclude you from the Settlement if you make a written request for exclusion that includes all information requested in the Request For Exclusion attached hereto and that is received by the Settlement Administrator (Rust Consulting, Inc.) at the address set forth in Section VIII below on or before ____, 2013. See III.C. below. If you exclude yourself from the Settlement, you will not be entitled to share in the Net Settlement Fund or otherwise participate in the Settlement. See III.C. below.

## I.      BACKGROUND OF THE LITIGATION

### A.      The Nature of This Lawsuit

In this Action, the Direct Purchaser Plaintiffs alleged (a) that the Settling Defendants, Defendant Schreiber and unnamed co-conspirators, between April 1, 2004 and December 31, 2006 inclusive ("Class Period"), combined, conspired, and agreed to fix or manipulate the prices of CME Class III milk futures contracts, CME Cheese Spot Call contracts, and other contracts the price terms of which were based on the CME Cheese Spot Call price or certain government minimum milk price formulas in violation of the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1, *et seq.*, the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*, the Sherman Act, 15 U.S.C. §§1 and 2 *et seq.*, and the Cartwright Act, California Bus. & Prof. Code §§ 16720, 16750, *et seq.*, and (b) that the Settling Defendants and Defendant Schreiber also obtained unjust enrichment and are obligated to make restitution under the common law.

The Defendants have denied and continue to deny the Direct Purchaser Plaintiffs' claims.

### B.      Procedural History of the Action

On March 13, 2009, certain Direct Purchaser Plaintiffs filed an initial class action complaint against Settling Defendants in the United States District Court for the Northern District of Illinois.

On February 5, 2010, the Court appointed Lovell Stewart Halebian Jacobson LLP and Wolf Haldenstein Adler Freeman & Herz LLC as co-lead counsel for the Direct Purchasers. See Docket No. 61. On March 4, 2010, the Court ordered certain document discovery. In response, the Settling Defendants produced hundreds of thousands of pages of documents, including all documents they previously produced to the Commodity Futures Trading Commission ("CFTC") in *In the Matter of Dairy Farmers of America, Inc., Gary Hanman and Gerald Bos*, and *In the Matter of Frank Otis and Glenn Millar*, CFTC Docket Nos. 09-02 and 09-03 (CFTC Dec. 15, 2008). See Docket No. 75.

The Direct Purchaser Plaintiffs filed a Consolidated Class Action Complaint on March 20, 2010 and subsequently filed a Corrected Consolidated Class Action Complaint on April 9, 2010. See Docket Nos. 79 and 86. The Settling Defendants moved to dismiss the Corrected

Consolidated Class Action Complaint on May 19, June 3 and June 9, 2010. See Docket Nos. 98, 100-101, 106 and 110.

On February 4, 2011, the Court granted in part and denied in part Defendants' motions to dismiss the Corrected Consolidated Class Action Complaint. See Docket No. 142; *In re Dairy Farmers of America, Inc. Cheese Antitrust Litig.*, 767 F.2d 880 (N.D. Ill. 2011).

Commencing in or around May 2011, and concurrent with the conduct of the litigation, Lead Counsel engaged the Settling Defendants in an extensive settlement negotiation process. Such settlement negotiations included the provision of additional documents by the Settling Defendants for settlement purposes only, additional briefing of legal issues by the Parties, and a settlement mediation under the direction of The Honorable Daniel Weinstein (Ret.), including an all-day mediation session on June 29, 2011. Although the mediation session did not conclude in a settlement, the Parties continued their arm's-length negotiations, which included Lead Counsel's extensive review of the voluminous records produced by the Settling Defendants both during discovery and in the course of settlement negotiations, review of records and data produced by third parties, review of expert analysis and deposition transcripts, and other information.

The Direct Purchaser Plaintiffs filed motions for class certification and for a stay of briefing on December 12, 2011. See Docket No. 207. On December 20, 2011, the Court granted the Direct Purchaser Plaintiffs' motion to stay briefing on their motion for class certification and held in abeyance the Direct Purchaser Plaintiffs' motion for class certification. See Docket No. 211.

Plaintiffs filed a Second Amended Consolidated Class Action Complaint dated March 22, 2012, which added a new defendant, Schreiber, and also alleged claims under California law, including an alleged violation of the Cartwright Act/California Bus. & Prof. Code §§16720, and 16750, *et seq.* See Docket No. 245.

The Settlement Agreement with the Settling Defendants was fully executed by January 14, 2013, based on each party's informed view of the factual and legal risks each faced in the Action.

On November 15, 2013, the Court entered an order modifying the prior appointment of Lovell Stewart and Wolf as co-lead counsel [Docket Nos. 61 and 63] and appointing Lovell Stewart as sole lead counsel for the direct purchasers. Docket No. 413.

At this time, the Direct Purchaser Plaintiffs have not proven their assertions. The Direct Purchaser Plaintiffs believe they have meritorious claims against the Settling Defendants, and the Settling Defendants believe that they have meritorious defenses to the Direct Purchaser Plaintiffs' claims. Lead Counsel have concluded that a settlement with the Settling Defendants is in the best interests of the Direct Purchaser Plaintiffs and the Class. The Settlement provides substantial and immediate benefit to Class Members and avoids the risks that liability or damages might not be proven at trial. Accordingly, Lead Counsel have recommended that the Court approve the proposed Settlement and urge Class Members to file a Proof of Claim.

The Court expresses no opinion whether Direct Purchaser Plaintiffs' allegations are correct or whether Defendants are liable to Direct Purchaser Plaintiffs for the conduct alleged in the Action.

## C.     The Class

The Class certified by the Court for settlement purposes is defined as:

All persons who between April 1, 2004 through December 31, 2006: (1) purchased a CME Class III milk futures contract; (2) purchased a CME Cheese Spot Call contract for either blocks or barrels; (3) purchased cheese directly from DFA or Schreiber Foods, Inc. ("Schreiber") or made a first purchase of cheese from a first manufacturer of cheese (*i.e.* a manufacturer that transforms milk into cheese) pursuant to a contract the price term of which specified that the price was based, in whole or in part, on the CME Cheese Spot Call price (block or barrel price, average price, specific price, price formula, collar price or any variation that explicitly referenced the CME Cheese Spot Call price); or (4) purchased milk directly from DFA or made a first purchase of milk from a first producer of milk (*e.g.,* a dairy farmer) that was made pursuant to a contract the price term of which specified that the price was based, in whole or in part, on (i) the CME Cheese Spot Call price (block or barrel price, average price, specific price, price formula, collar price or any variation that explicitly referenced the CME Cheese Spot Call price); (ii) the CME Class III milk futures price; (iii) the National Agricultural Statistics Service ("NASS") cheese price; or (iv) a government milk formula price which included (i), (ii) or (iii) as a component of such government milk formula price. Excluded from the Class are the Settling Defendants, the Non-Settling Defendants, and any parent, subsidiary, affiliate, or agent of any Settling Defendant or Non-Settling Defendant.

## II.     SUMMARY OF THE PROPOSED SETTLEMENT

On behalf of the Class, the Direct Purchaser Plaintiffs entered into the Settlement by January 14, 2013. The following description of the proposed Settlement is only a summary. This description and this entire Notice are qualified in their entirety by the Settlement Agreement and the exhibits thereto, which are on file with the Court at the address indicated in this Notice and are available at the official Settlement website at www.DairyFarmersDirectPurchaserAction.com.

### A.     The Settlement Consideration

The Settling Defendants have agreed to provide the following consideration in order to resolve the claims against them:

#### 1.     Payment

5

Defendant Dairy Farmers of America, Inc. has agreed to pay and shall pay by wire transfer into the Escrow Account the forty-six million dollar ($46,000,000.00) Payment to be made in two equal payments as follows. Within ten (10) days after the Scheduling Order is entered, DFA shall pay by wire transfer into the Escrow Account the sum of twenty-three million dollars ($23,000,000.00). At least three (3) business days before the Settlement Hearing, DFA shall pay by wire transfer into the Escrow Account the sum of twenty-three million dollars ($23,000,000.00).

## 2. **Remedial Undertaking**

DFA undertakes, and its successors and assigns shall be bound to undertake, the following remedial measures:

      a.    **Implementation of Policies and Guidelines**. DFA will implement or continue to maintain the following policies or guidelines: (a) Commodity Trading Policy; (b) periodic Commodity Trading Compliance Training as reflected in the presentation dated January 23, 2012; (c) Inventory Risk Management Policy; and (d) an "Oversight Committee" for the Inventory Risk Management Policy.

      b.    **Implementation of Compliance and Ethics Program**. DFA will implement and maintain a compliance and ethics program designed to detect and prevent violations of the Commodity Exchange Act ("CEA").

      c.    **No Manipulation**. DFA will not transact in Class III milk futures contracts or Cheese Spot Call contracts, both listed on the Chicago Mercantile Exchange ("CME"), with the specific intent to manipulate the prices of such contracts. For a period of two (2) years from the date of the Settlement Agreement, DFA will (a) only transact in such futures contracts for legitimate business purposes; and (b) buy or sell CME Cheese Spot Call contracts only after the proposed transaction is reviewed and approved by at least two (2) officers of DFA.

## 3. **Contribution Waiver**

The Settling Defendants agree not to seek contribution or indemnification from any other Person, including Non-Settling Defendants, for the attorneys' fees, costs or the Payment incurred herein. Notwithstanding the foregoing, if any Person sues a Settling Defendant for contribution or indemnification arising from the Released Claims, the preceding limitation does not apply as to that Person.

## 4. **Reversion Waiver**

The Settling Defendants agree that they shall not be entitled to any reversion of any funds in the event that the Settlement Agreement becomes final as set forth in Section 13 of the Settlement Agreement. If for any reason the Settlement Agreement is not approved by the Court, is terminated under the terms of the Settlement Agreement, or the Effective Date does not occur for any reason, then the Settling Defendants shall be entitled to the reversion of the entire Payment less all funds expended or incurred for Class Notice pursuant to Section 5(b) of the

Settlement Agreement or ordered by the Court pursuant to Section 14(a) of the Settlement Agreement.

### B. The Parties' Potential Rights To Terminate The Settlement

#### 1. DFA's Potential Right to Terminate

Sections 17(a)-(c) of the Settlement Agreement describe DFA's right to terminate if certain conditions anticipated by the Parties are not satisfied. These conditions are set forth in Section 17 of the Settlement Agreement. With respect to each such condition, DFA has the right (as qualified in the Settlement Agreement), but not the obligation, to exercise, in its sole discretion, a termination notice if the condition is not satisfied.

#### 2. Plaintiffs' Potential Right To Terminate

Sections 17(d)-(e) of the Settlement Agreement describes the Direct Purchaser Plaintiffs' right to terminate if certain conditions anticipated by the Parties are not satisfied. These conditions are set forth in Sections 17(d)-(e) of the Settlement Agreement. With respect to each such condition, the Direct Purchaser Plaintiffs have the right (as qualified in the Settlement Agreement), but not the obligation, to exercise, in their sole discretion, a termination notice if the condition is not satisfied.

### C. Protection Against Contribution

Section 10(a) of the Settlement Agreement provides that "Lead Counsel shall request that the following language be included in the Final Judgment: There shall be no right of contribution between the Non-Settling Defendants and the Settling Defendants based on their potential, alleged or actual status as joint tortfeasors or co-conspirators with respect to the Released Claims (any claim for such being a "Contribution Claim"). Notwithstanding the foregoing, should any court determine any Non-Settling Defendant is/was legally entitled to contribution from any Settling Defendant with respect to a Contribution Claim, then any money judgment subsequently obtained by the Direct Purchaser Plaintiffs against such Non-Settling Defendant shall be reduced to an amount such that, upon paying the entire amount, the Non Settling Defendant would have no Contribution Claim against any Settling Defendant."

### D. Plan Of Allocation

The Plan of Allocation is available for review on the official Settlement website at www.DairyFarmersDirectPurchaserAction.com. You may also request that a copy of the Plan of Allocation be sent to you by contacting the Settlement Administrator by telephone toll free at 1 (866) 403-1828 or by writing to the Settlement Administrator at the address set forth in Section VIII below.

\*\*\*\*

Examples of potential computations under the Plan of Allocation are available on the

7

Settlement website at www.DairyFarmersDirectPurchaserAction.com.

The Plan of Allocation may be changed by the Court without providing further notice.

### E. The Releases, Discharge And Covenant Not To Sue

**IF YOU HAVE NOT BEEN EXCLUDED FROM THE CLASS, WHEN THE SETTLEMENT BECOMES FINAL YOU WILL BE RELEASING THE SETTLING DEFENDANTS FOR THE CLAIMS DESCRIBED BELOW, AND YOU WILL BE BOUND BY THE RELEASES IN THE SETTLEMENT AGREEMENT INCLUDING THE COVENANT NOT TO SUE—EVEN IF YOU DO NOT FILE A PROOF OF CLAIM**

In exchange for the consideration provided by the Settling Defendant, Members of the Class will release their claims against the Settling Defendants arising in any way from the nucleus of operative facts alleged or at issue or underlying the Action, whether or not asserted in the Action as is more fully set forth below.

*****

(a)     As an express and material condition of this Settlement Agreement, upon the Effective Date, the Direct Purchaser Plaintiffs and Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever released and discharged the Released Parties from, and shall covenant not to sue the Released Parties for or with respect to the Released Claims, which shall be defined as all manner of claims, rights, demands, actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, extents, executions, and causes of action, whether class, individual, or otherwise in nature, damages, whenever incurred, and liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, whether known or unknown, suspected or unsuspected, whether concealed or hidden, whether asserted or which could have been asserted in the Action, or in law, admiralty or equity, that the Class Members or any of them, individually, or as a class (whether or not they make a claim upon or participate in the Settlement Fund), ever had, now have or hereafter can, shall or may have, against the Released Parties arising from or related to the Settling Defendants' conduct alleged in the Action with respect to Direct Purchaser Claims. Provided, however, that this release shall not include any claims asserted by the named plaintiffs or the proposed class in the Indirect Purchaser Action except for any Direct Purchaser Claims.

(b)     Except for any claims to enforce this Settlement Agreement, each Direct Purchaser Plaintiff, Class Member and Released Party hereby expressly and completely waives and releases any and all rights or benefits with respect to Released Claims which he, she or it has or may have under Section 1542 of the California Civil Code, and any similar provision in any other jurisdiction. Section 1542 provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

8

Each Direct Purchaser Plaintiff, Class Member and Released Party expressly waives all of these rights with respect to Released Claims notwithstanding that each may hereafter discover facts other than or different from those which he, she, or it knows, believes, or suspects with respect to the subject matter of this Agreement. Nevertheless, it is the intention of each Direct Purchaser Plaintiff, Class Member and Released Party, through this Settlement Agreement, and with the ability to seek independent advice of counsel, to fully, finally and forever settle and release all claims released pursuant to Sections 6(a) or 6(b), as applicable.  In furtherance of such intention, the releases herein given by the Direct Purchaser Plaintiffs shall be and remain in effect as full and complete releases of the Action solely as to the Settling Defendants (but not as to the Non-Settling Defendants), notwithstanding the later discovery or existence of any such additional or different facts relative hereto or the later discovery of any such additional or different claims that would fall within the scope of the release provided in Section 6(a) of this Settlement Agreement, as if such facts or claims had been known at the time of this release.

(c)     Upon the occurrence of the Effective Date, the Released Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever released and discharged the Direct Purchaser Plaintiffs and Class Counsel from, and shall covenant not to sue the Direct Purchaser Plaintiffs and Class Counsel for or with respect to, all manner of claims, rights, demands, actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, extents, executions, and causes of action, damages, whenever incurred, and liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees whether known or unknown, suspected or unsuspected, whether concealed or hidden, or in law, admiralty or equity, that the Released Parties or any of them ever had, now have or hereafter can, shall or may have, against the Direct Purchaser Plaintiffs and Class Counsel to the extent of the Released Claims.

(d)     In no event shall this Settlement Agreement release or purport to release any claims against Schreiber, any claims asserted by the named plaintiffs or class in the Indirect Purchaser Action (except for any Direct Purchaser Claims), any of the other Non-Settling Defendants, or any claims to enforce this Settlement Agreement.  Further, the release, discharge and covenant not to sue set forth in this Settlement Agreement include only Direct Purchaser Claims.

### F.     Changes Or Further Orders By The Court

Any change by the Court in the Plan of Allocation, in the time and place of the Settlement Hearing, or in any other matter and all further orders or requirements by the Court will be posted on the Settlement website at www.DairyFarmersDirectPurchaserAction.com as soon as practicable.  It is important that you refer to the Settlement website as no other notice of such changes may be published.

## III.     YOUR OPTIONS

### A.     Submit A Proof Of Claim

As a Member of the Class, you may be entitled to share in the Net Settlement Fund if you submit a valid and timely Proof of Claim, in the form attached hereto, demonstrating that you have an Allowed Claim (as defined in the Plan of Allocation). An important aspect of the Settlement is that the Settling Defendants are not entitled to any reversion of the Settlement Fund if the Effective Date occurs. See II.A.4 above.

### B. Object To The Settlement

Any Member of the Class who does not request to be excluded from the Settlement may appear at the Settlement Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement or any related matter (including the request for attorneys' fees, the Plan of Allocation or any other matter).

However, no person shall be heard in opposition to the Settlement Agreement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless, by _____, 2013, such person files the following with the Court and serves the same on or before such filing by hand or overnight mail on the Lead Counsel and counsel for Defendants: (i) if a Member of the Class intends to appear and be heard at the Settlement Hearing, a written notice of intention to appear; (ii) proof of membership in the Class; (iii) a detailed statement of the objections to any matters before the Court; (iv) a statement advising of any court proceeding in which said objector has made an objection to a proposed class action settlement within the past three years, including case name, docket number, and court; (v) if a Member of the Class intends to appear and be heard at the Settlement Hearing, the grounds or reasons why the Member of the Class desires to appear and be heard; and, (vi) all documents or writings the Member of the Class desires the Court to consider.

Christopher Lovell
**Lovell Stewart Halebian Jacobson LLP**
61 Broadway, Suite 501
New York, New York 10006

*Lead Counsel For Direct Purchaser Plaintiffs*

William M. Hannay
**Schiff Hardin LLP**
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606

Amanda J. Metts
**McDermott Will & Emery LLP**
227 W. Monroe Street
Chicago, Illinois 60606

Ellen M. Wheeler

**Foley & Lardner**
321 North Clark Street, Suite 2800
Chicago, Illinois 60654

Glenn R. Reichardt
**K&L Gates LLP**
1601 K Street, NW
Washington, D.C. 20006

*Counsel for Defendants*

### C.    Request To Be Excluded From The Settlement

To exclude yourself from the Class, you must submit a written request that includes all information requested in the Request for Exclusion attached hereto.  Requests for exclusion that do not include all of the requested information will be invalid.

Requests for exclusion from the Settlement must be sent by First-Class mail (preferably certified mail) to Lead Counsel, counsel for Defendants (see addresses in "B" above) and the Settlement Administrator (see address in Section VIII below).  Requests for exclusion must be received no later than _____, 2013.

If you exclude yourself from the Class, you will not be bound by the Settlement Agreement and can independently pursue claims you may have against the Settling Defendants at your own expense.  However, if you exclude yourself, you will not be eligible to share in the Net Settlement Fund.

## IV.    PROOF OF CLAIM

The Proof of Claim, which includes instructions on how and when to make a claim, is attached hereto.  You should read the Settlement Agreement and Proof of Claim carefully before submitting your Proof of Claim or determining another course of action.

## V.    ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS

A.    To date, the attorneys representing the Direct Purchaser Plaintiffs and the Class in this Action have not received payment for their services or reimbursement for their expenses. Class Members are not personally responsible for payment of attorneys' fees or expenses.  As compensation for their time and their risk in prosecuting the litigation on a wholly contingent fee basis for three-plus years, Lead Counsel will ask the Court for an award of attorneys' fees in the amount of one-third of the Settlement Fund, as a common fund, and for reimbursement of their costs and expenses in the amount of no more than $_____—all to be deducted from the Settlement Fund.

B.    At the time the Net Settlement Fund is distributed to Class Members, the Direct Purchaser Plaintiffs will seek reimbursement of their own expenses and compensation for their

time devoted to this litigation in the aggregate amount of no more than $60,000 to be paid from the Settlement Fund.  A separate notice of this application and an opportunity to object will later be provided to Class Members who submit approved Proofs of Claims.

## VI.    SETTLEMENT HEARING AND THE RIGHT TO OBJECT

The Court has scheduled a Settlement Hearing for _____, 2013 at ___ a.m. to be held at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, Courtroom 1919.  At the Settlement Hearing, the Court will determine if the proposed Settlement is fair, reasonable, and adequate.  The Court will also consider Lead Counsel's request for attorneys' fees and reimbursement of litigation expenses..  See V.A. above.

The time and date of the Settlement Hearing may be continued from time to time without further notice and you are advised to confirm the time and location if you wish to attend; as soon as practicable after any change in the scheduled date and time, such change will be posted on the settlement website www.DairyFarmersDirectPurchaserAction.com.  If you are a Member of the Class who has not requested to be excluded from the Settlement, you are entitled to appear, in person or through duly authorized attorneys, and to show cause why the Settlement or other applications should or should not be approved.   See III.B. above.

## VII.   CHANGE OF ADDRESS

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please enter your current information online at www.DairyFarmersDirectPurchaserAction.com, or send it to the Settlement Administrator at the address set forth in VIII. below.

## VIII.  THE SETTLEMENT ADMINISTRATOR

The Court has appointed Rust Consulting, Inc. as the Settlement Administrator.  Among other things, the Settlement Administrator is responsible for providing notice of the Settlement to the Class and processing Proof of Claim forms.  You may contact the Settlement Administrator through the Settlement website (www.DairyFarmersDirectPurchaserAction.com), by telephone toll free at 1 (866) 403-1828, or by writing to the Settlement Administrator at this address

> Dairy Farmers of America, Inc. Cheese Antitrust Litigation Settlement
> c/o Rust Consulting, Inc.
> P.O. Box 2428
> Faribault, MN  55021-9128

## IX.    ADDITIONAL INFORMATION

The Settlement Agreement and other important documents related to this Action are available online at www.DairyFarmersDirectPurchaserAction.com and also available for review during normal business hours at the office of the Clerk of Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604.  If you have

questions about this Notice, the procedure for registering, or the Settlement Agreement, you may contact Lead Counsel at the address listed in III.B. above.

**DO NOT CONTACT THE JUDGE OR THE CLERK OF THE COURT**

Dated: ___, 2013

**BY ORDER OF THE COURT**
Clerk of the United States District Court
Northern District of Illinois