IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  DAIRY FARMERS OF AMERICA, INC. CHEESE ANTITRUST LITIGATION | ) ) ) | Master File No. 09-cv-03690 MDL No.  2031 |
| THIS DOCUMENT RELATES TO: | ) ) | The Honorable M. Robert Dow, Jr. Magistrate Judge Maria Valdez |
| DIRECT PURCHASER ACTION | ) | |

## FINAL ORDER AND JUDGMENT

This matter came for a duly-noticed hearing on August 19, 2014 (the "Settlement Hearing"), upon the Direct Purchaser Plaintiffs' motion for final approval of Settlement with Defendants Dairy Farmers of America, Inc., including former entities Keller's Creamery LP, Keller's Creamery, and L.L.C., Keller's Creamery Management, LLC, Gary Hanman, Gerald Bos, Frank Otis, and Glenn Millar (collectively, the "Settling Defendants") in the above-captioned action (the "Direct Purchaser Plaintiffs' Action"), which was joined and consented to by the Settling Defendants.  Due and adequate notice of the Stipulation and Agreement of Settlement dated December 18, 2013 (the "Settlement Agreement") having been given to the members of the Class, the Settlement Hearing having been held and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, and a determination having been made expressly pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that there is no justification for delay, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.      This Final Order and Judgment hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

1

2.      The Court hereby finally certifies the Class, for purposes of settlement only, as defined in the Court's Order Preliminarily Approving Proposed Settlement, Scheduling Hearing for Final Approval thereof, and Approving the Proposed Form and Program of Notice to the Class dated March 17, 2014.  Dkt. No. 495.

3.      This Court has jurisdiction over the subject matter of the Direct Purchaser Plaintiffs' Action and over all parties to the Direct Purchaser Plaintiffs' Action.

4.      The Court finds that due process and adequate notice have been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all Members of the Class, notifying the Class of the proposed Settlement.

5.      The notice provided was the best notice practicable under the circumstances and included individual notice to those Members of the Class who Co-Lead Counsel were able to identify through reasonable efforts.  The Court finds that notice was also given by publication as set forth in the affidavit submitted by the Court-appointed Settlement Administrator Rust Consulting, Inc., and previously submitted.  Such notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process of law, and applicable law.

6.      Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all Class Members of their right to object to the Settlement, the Plan of Allocation, Class Counsel's right to apply for attorneys' fees and reimbursement of expenses associated with the Direct Purchaser Plaintiffs' Action, and Direct Purchaser Plaintiffs' right to apply for reimbursement of their own expenses and compensation for their time devoted to this Action.  A full and fair opportunity was accorded to all Members of the Class to be heard with respect to the foregoing matters.

7.     The Court finds that the Members of the Class identified on the schedule attached hereto as Exhibit A, and no others, have validly requested to be excluded from the Class pursuant to the terms set forth in the Scheduling Order.  Accordingly, the Persons listed on Exhibit A are not included in the Class nor bound by this Final Order and Judgment.

8.     It is hereby determined that all Members of the Class whose names are not on Exhibit A hereto are bound by this Final Order and Judgment.

9.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Class, including the Direct Purchaser Plaintiffs.  This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's length negotiations between experienced counsel representing the interests of the Parties.  Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects.  The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

10.     The Court hereby directs that, as to the Settling Defendants (but not as to the Non-Settling Defendants), the Action is dismissed with prejudice and without costs.  Each of the Released Parties is hereby released and discharged from the Released Claims, which shall be defined as all manner of claims, rights, demands, actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, extents, executions, and causes of action, whether class, individual, or otherwise in nature, damages, whenever incurred, and liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, whether known or unknown, suspected or unsuspected, whether concealed or hidden, whether asserted or which

3

could have been asserted in the Action, or in law, admiralty or equity, that the Class Members or any of them, individually, or as a class (whether or not they make a claim upon or participate in the Settlement Fund), ever had, now have or hereafter can, shall or may have, against the Released Parties arising from or related to the Settling Defendants' conduct alleged in the Action with respect to Direct Purchaser Claims. Provided, however, that this release shall not include any claims asserted by the named plaintiffs or the proposed class in the Indirect Purchaser Action except for any Direct Purchaser Claims. All Class Members (except those identified in Exhibit A hereto) and their respective heirs, executors, administrators, representatives, agents, successors and assigns are hereby permanently barred, enjoined, and restricted from commencing or prosecuting any and all Released Claims against the Released Parties.

11. Upon the occurrence of the Effective Date, the Released Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever released and discharged the Direct Purchaser Plaintiffs and Class Counsel from, and shall covenant not to sue the Direct Purchaser Plaintiffs and Class Counsel for or with respect to, all manner of claims, rights, demands, actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, extents, executions, and causes of action, damages, whenever incurred, and liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees whether known or unknown, suspected or unsuspected, whether concealed or hidden, or in law, admiralty or equity, that the Released Parties or any of them ever had, now have or hereafter can, shall or may have, against the Direct Purchaser Plaintiffs and Class Counsel to the extent of the Released Claims.

12. Notwithstanding the provisions of any other paragraph of this Final Order and Judgment, if the Settlement Agreement is validly terminated, then by automatic operation of this

paragraph, this Final Order and Judgment shall be null and void except for the provisions in this paragraph; the Direct Purchaser Plaintiffs' claims dismissed pursuant to the Settlement Agreement shall be reinstated; all Orders of the Court in this Action shall be reinstated; Settling Defendants' defenses shall be reinstated; the Parties shall be returned to their respective positions before the Settlement Agreement was signed; and the Court will modify any existing scheduling order to ensure that the Parties have sufficient time to prepare for the resumption of litigation. Any termination of the Settlement Agreement by Settling Defendants shall be dependent upon the realization of the condition subsequent that the Direct Purchaser Plaintiffs' claims dismissed pursuant to the Settlement Agreement shall not be dismissed or, if they have been dismissed pursuant to the Settlement Agreement, that they are reinstated such that the Parties are returned to their respective positions before the Settlement Agreement was signed. Provided, however, that the Direct Purchaser Plaintiffs' claims dismissed pursuant to the Court's February 4, 2011 Order granting in part and denying in part Defendants' motions to dismiss the Corrected Consolidated Class Action Complaint shall not be reinstated upon any termination of the Settlement Agreement. If the Direct Purchaser Plaintiffs' claims dismissed pursuant to the Settlement Agreement are dismissed and not reinstated as provided herein, then Settling Defendants' termination of the Settlement Agreement shall be null and void.

13. The Settlement Fund has been established as a trust and as a settlement fiduciary account. The Court further approves the establishment of the settlement fiduciary account under the Settlement Agreement as a qualified settlement fund pursuant to Internal Revenue Code Section 4688 and the Treasury Regulations promulgated thereunder.

14. The Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and the enforcement of this Final Order and Judgment. The Court also retains exclusive jurisdiction to

resolve any disputes that may arise with respect to the Settlement Agreement, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, and to consider or approve the amounts of distributions to Members of the Class. In addition, without affecting the finality of this judgment, the Parties hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Northern District of Illinois Eastern Division for any suit, action, proceeding or dispute arising out of or relating to this Final Order and Judgment or the Settlement Agreement.

15.     Each Class Member must execute a release and covenant not to sue in order to receive his/her/its *pro rata* share of the Settlement Fund. Co-Lead Counsel shall ensure that each claim form provided to Class Members contains a copy of the release and covenant not to sue set forth in Section 6 of the Settlement Agreement, which must be signed by the Member of the Class or its authorized representative as a precondition to receiving any portion of the Settlement Fund. Any Class Member not listed on Exhibit A hereto who elects not to receive his/her/its share of the Settlement Fund shall nevertheless be deemed to have released all claims against all Released Parties, as set forth in Section 10 above.

16.     The Settlement is not and shall not be deemed or construed to be an admission, adjudication or evidence of any violation of any statute or law or of any liability or wrongdoing by the Settling Defendants or any of the Released Parties or of the truth of any of the claims or allegations alleged in the Actions. The Settlement Agreement, including its exhibits, and any and all negotiations, documents and discussions associated with it, shall be without prejudice to the rights of any party, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Settling Defendants, or of the truth of any of the claims or allegations, or of any damage or injury. Evidence of this Settlement or the negotiation of this Settlement shall not be discoverable or used directly or

6

indirectly, in any way, whether in the Direct Purchaser Plaintiffs' Action or in any other action or proceeding of any nature, except in connection with a dispute under this Settlement or an action in which this Settlement is asserted as a defense. Notwithstanding the foregoing, any of the Released Parties may file the Settlement Agreement, or any judgment or order of the Court related hereto, in any other action that may be brought against them, in order to support any and all defenses or counterclaims based on res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

17.     There shall be no right of contribution between the Non-Settling Defendants and the Settling Defendants based on their potential, alleged or actual status as joint tortfeasors or co-conspirators with respect to the Released Claims (any claim for such being a "Contribution Claim"). Notwithstanding the foregoing, should any court determine any Non-Settling Defendant is/was legally entitled to contribution from any Settling Defendant with respect to a Contribution Claim, then any money judgment subsequently obtained by the Direct Purchaser Plaintiffs against such Non-Settling Defendant shall be reduced to an amount such that, upon paying the entire amount, the Non Settling Defendant would have no Contribution Claim against any Settling Defendant.

18.     The Court finds that during the course of the Direct Purchaser Plaintiffs' Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. The foregoing finding is exclusively between and among the Direct Purchaser Plaintiffs, the Settling Defendants and their respective counsel.

19.     Any data or other information provided by Class Members in connection with the submission of claims will be held in strict confidence, available only to the administrator, Class Counsel, experts or consultants acting on behalf of the Class, Settling Defendants' counsel,

Settling Defendants, and experts or consultants acting on behalf of Settling Defendants. In no event will a Class Member's data or information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

20.     The proposed Plan of Allocation is approved as fair, reasonable and adequate.

21.     If any deadline imposed herein falls on a non-business day, then the deadline is extended until the next business day.

22.     There is no just reason for delay in the entry of this Final Order and Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Signed this 12th day of September, 2014, at the Courthouse for the United States District Court for the Northern District of Illinois Eastern Division.

_____
Hon. Robert Dow, Jr.
United States District Court Judge

## <u>EXHIBIT A</u>

1.      Smith Dairy

2.      Wayne Dairy Products, Inc.