**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: DAIRY FARMERS OF AMERICA, INC. CHEESE ANTITRUST LITIGATION | ) ) ) Master File No. 09-cv-03690 ) MDL No. 2031 |
| THIS DOCUMENT RELATES TO: | ) Judge Robert M. Dow, Jr. ) Magistrate Judge Maria Valdez |
| DIRECT PURCHASER ACTION | ) ) |

**ORDER FOR DISTRIBUTION OF NET SETTLEMENT FUND**

WHEREAS, the Court previously granted final approval (ECF No. 668) of the Stipulation and Agreement of Settlement concerning the Direct Purchaser Plaintiffs' ("Plaintiffs") settlement with Dairy Farmers of America, Inc. ("Settlement") (ECF No. 487-1);

WHEREAS, the Court-appointed Settlement Administrator, Rust Consulting, Inc. ("Rust"), has made its final determinations concerning proof of claims submitted by persons seeking to share in the proceeds from the Settlement;

WHEREAS, Plaintiffs have filed a Motion for Approval of Distribution of The Net Settlement Fund (ECF No. 786, "Distribution Motion");

WHEREAS, notice of the Distribution Motion (including Rust's final determinations) has been provided to claimants by e-mail and has been posted on the official Settlement website;

WHEREAS, the Court held a hearing concerning Plaintiffs' Distribution motion on January 10, 2017;

WHEREAS, the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Court approves the administrative determinations of the Court-appointed Settlement Administrator, Rust, concerning the proofs of claim submitted by claimants as set

forth in the Declaration submitted by Jason Rabe on December 5, 2016 (ECF No. 786-1, "Rabe Declaration").

2.      The Court finds that the determinations made by Rust with respect to proofs of claim and the distribution of the Net Settlement Fund based on Rust's calculations and determinations are all fair, reasonable and adequate to the Class and are hereby approved.

3.      Accordingly, the Court hereby directs the distribution of the Net Settlement Fund, after deducting the amounts referenced in ¶¶4-5 below, to the claimants who have submitted claims which Rust has determined to be eligible to share in the Net Settlement Fund (including the nine late but otherwise valid claims identified in Exhibit C to the Rabe Declaration) and in such proportions as set forth in Exhibits B and C to the Rabe Declaration (ECF No. 786-1, pages 18-20 and page 22).  Rust currently estimates that eligible claimants will receive (a) approximately 21.36% of their Allowed Claim amount under Section 1 of the Plan of Allocation (92.5% of the Net Settlement Fund) and (b) approximately 0.01% of their Allowed Claim amount under Section 2 of the Plan of Allocation (7.5% of the Net Settlement Fund).  Rust shall begin to prepare to distribute the Net Settlement Fund to eligible claimants 30 days after the date of this Order, unless a notice of appeal of this Order has been filed.  Rust shall complete the distribution to eligible claimants contemplated herein (whether by check or bank wire to eligible claimants) within 10 business days.

4.      The Court hereby approves the payment of incentive awards from the Settlement Fund to the three Court-appointed Class representatives—Indriolo Distributors, Inc., Knutson's, Inc. and Valley Gold, LLC—in an aggregate amount of $60,000.  The Court finds that such an award is fair, reasonable and adequate.

5.     The Court hereby approves a payment of $564,688.59 from the Settlement Fund to the Court-appointed Settlement Administrator, Rust, for the balance of its outstanding fees and expenses incurred in connection with its provision of notice to the Class and administration of the Settlement.  The Court further approves payment of up to an additional $43,490 in fees and expenses from the Settlement Fund to Rust, which Rust estimates it will incur as a result of effecting the distribution of the Net Settlement Fund pursuant to this Order and otherwise finalizing the administration of the Settlement.

6.     If the distribution herein results in a full and final distribution of all remaining monies in the Settlement Fund, then, two months after such distribution has become final, Rust shall close the post office box, disconnect the telephone number and remove the Settlement website and e-mail address from the internet, all of which were specifically designed and created for the Settlement.  Additionally, Rust shall (a) destroy all paper copies of claim forms, supporting documents and other correspondence, six months after a full and final distribution has occurred and (b) destroy all electronic copies of claim forms, supporting documents and other corresponded, one year after final distribution has occurred.  If the distribution herein does not result in a full and final distribution of all remaining monies in the Settlement Fund, then Lead Counsel shall report to the Court and recommend a final distribution of such remaining monies in the Settlement Fund.

7.     Rust and Lead Counsel are directed to comply this Order and shall not be liable to Class members as a result of complying with the terms of this Order.

**IT IS SO ORDERED**.

DATED: 1/26/17 2017

_____

Honorable Robert M. Dow, Jr.
United States District Court Judge